IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILBERT L. SANDOVAL, § | | |
| NO. 30110, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| v.  § | | |
| § | | SA-08-CV-0110 FB (NN) |
| KERR COUNTY, § | | |
| Sheriff W. R. HIERHOLZER, § | | |
| Sylvia Foreaker and Rosa Garcia, § | | |
| In their Official Capacities, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

TO:   Honorable Fred Biery
      United States District Judge

This report and recommendation addresses the unopposed motion to dismiss filed by defendants Sheriff W.R. Hierholzer, Jail Administrator Sylvia Foreaker, and Nurse Rosa Garcia.[1] I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and this district's Local Rules for the Assignment of Duties to United States Magistrate Judges.[2] After considering the motion, I recommend dismissing claims against Sheriff Hierholzer, Administrator Foreaker, and Nurse Garcia.

Plaintiff Gilbert Lee Sandoval brought this case against Kerr County, Sheriff Hierholzer, Administrator Foreaker, and Nurse Garcia. Liberally construed, Sandoval's original and amended complaints allege deliberate indifference of serious medical needs under 42 U.S.C. §

---

[1] Docket entry # 17.

[2] *See* Local Rules for the Western District of Texas, appx. C, p. 2.

1983. In the motion to dismiss, the defendants argued that claims against them in their official capacities must be dismissed because Sandoval named Kerr County as a defendant. The defendants are correct. In *Kentucky v. Graham*, the Supreme Court explained that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[3] Sandoval has named the government entity—Kerr County—as a defendant; thus, Sandoval is looking to the government entity itself. Consequently, Sheriff Hierholzer, Administrator Foreaker, and Nurse Garcia are not proper defendants under *Graham* and claims against them should be dismissed under Rule 12(b)(6) of the Federal Rule of Civil Procedure.[4] Sandoval's complaint does not suggest any claims against these defendants in their individual capacities.

## Recommendation

For the reason discussed above, I recommend granting the defendants' motion to dismiss (docket entry # 17) and dismissing claims against Sheriff Hierholzer, Administrator Foreaker, and Nurse Garcia. Disposition of the claim against Kerr County will proceed in accordance with the scheduling order.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this

---

[3] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[4] *See* Fed. R. Civ. P. 12(b)(6) (permitting a defendant to move for dismissal for failure to state a claim upon which relief can be granted).

report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[5]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[6]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[7]

**SIGNED on August 10, 2008.**

_____
**NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE**

---

[5] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[6] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).